**STEIN INDUSTRIES, INC., et. al., Plaintiffs,**

v.

**JARCO INDUSTRIES, INC., Defendant.**

**No. CV 96–1162(ETB).**

United States District Court, E.D. New York.

July 29, 1996.

**56**

James G. Markey, Ron Idra, and Allan A. Fanucci, Pennie & Edmonds, New York City, for Plaintiffs.

Paul W. Werner, and Max Chopnick, Conner & Chopnick, New York City, for Defendant.

*OPINION AND ORDER*

**STATEMENT OF FACTS**

BOYLE, United States Magistrate Judge.

The plaintiffs, Stein Industries, Inc. and Six Corners Development Company, make application for a preliminary injunction to enjoin the defendant, Jarco Industries, Inc., from infringing on U.S. Patent No. 4,850,120, (hereinafter "the '120 patent"), and U.S. Patent No. 5,123,178, (hereinafter "the '178 patent"). (Plaintiffs' Memorandum in Support of Preliminary Injunction at 1). The patents concern food warming units that are commonly found in movie theaters and stadiums. (Plaintiffs' Memorandum in Support at 2).

The plaintiffs maintain that the defendant is violating the patents by manufacturing, using, and selling products similar to those claimed in the '120 and '178 patents. (Plaintiffs' Memorandum in Support at 1). The defendant contends that the patents are not valid, and thus, cannot be enforced. (Defendant's Memorandum in Opposition at 1).

The '120 patent describes a dual compartment food warmer that utilizes one compartment for bulk food storage and the other for shelving filled containers. (Plaintiffs' Memorandum in Support at 2). The '178 patent describes a single compartment food warmer that only shelves filled containers. (Plaintiffs' Memorandum in Support at 2). The '120 and '178 patents claim a conduit or chimney that is used to recirculate hot air from the upper to the lower portion of the unit. (Plaintiffs' Memorandum in Support at 2). In both units, the conduit helps to direct the flow of air down to the bottom of the warmer where it passes through a heater. (Plaintiffs' Memorandum in Support at 8).

**DISCUSSION**

The standards for a preliminary injunction require a court to determine

(1) whether the movant has sufficiently established a reasonable likelihood of success on the merits; (2) whether the movant would suffer irreparable harm if an injunction were not granted; (3) whether the balance of hardships tips in the movant's favor; and (4) the impact, if any, of an injunction on the public interest.

*Payless Shoesource, Inc. v. Reebok International Ltd.*, 998 F.2d 985, 988 (Fed.Cir.1993).

A. Plaintiffs' Likelihood of Success on the Merits

■ In order to obtain a preliminary injunction, the plaintiffs must establish a likelihood of success with respect to proving infringement and the validity of the patent. (Plaintiffs' Memorandum in Support at 6) (explaining the reasoning in *Hybritech, Inc. v. Abbott Laboratories*, 849 F.2d 1446, 1451 (Fed.Cir.1988)).

**1. Plaintiffs' Likelihood of Success With Respect To Infringement**

■ The test for patent infringement contains two elements. First, the scope of the

claim must be ascertained from the language of the patent. Second, after an inquiry it must be determined that the accused product incorporates the patented claims. (Plaintiffs' Memorandum in Support at 6) (explaining the reasoning in *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 866–67 (Fed.Cir.1985)); *see also Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 837 F.2d 1044, 1054 (Fed.Cir.1988) (stating that a patent claim is literally infringed when each element of the claim is found in the accused product).

The plaintiffs have outlined the scope of the patents and contend that the defendant's Pronto Pre–Pak Popcorn Warmer and Pronto Nacho/Cheese Warmer contain all the elements of claim 1 for the '120 and '178 patents. (Plaintiffs' Memorandum in Support at 7–10). In support of this proposition, the plaintiffs attached exhibits outlining the features of the Jarco warmers. (Plaintiffs' Memorandum in Support at 10).

The defendant has failed to address the plaintiffs' evidence of infringement. Based on the plaintiffs' evidence and the defendant's lack of opposition, the court finds that there is a likelihood of success with respect to the infringement cause of action.

### 2. Plaintiffs' Likelihood of Success With Respect To Patent Validity

█ The defendant asserts that "[u]nless all of the same elements are found in exactly the same situation and united in the same way to perform the identical function in a single prior art reference there is no anticipation." (Defendant's Memorandum in Opposition at 7) (quoting *Schroeder v. Owens–Corning Fiberglass Corp.*, 514 F.2d 901 (9th Cir.1975)). The plaintiffs maintain that "a party asserting anticipation ... must show that *every* element of the claim in issue is found in a single prior art reference." (Plaintiff's Reply Memorandum in Support at 4.) (construing *Minnesota Mining & Manufacturing Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559 (Fed.Cir.1992)) (*emphasis in original*).

The defendant asserts the invalidity of the patents due to anticipation. The defendant has submitted exhibits of the "Deluxe Warmer" as the prior art and claims that it contains all of the features described in claim 1 of the '120 and '178 patents. (Defendant's Memorandum in Opposition at 9). The court has reviewed the defendant's exhibits and the plaintiffs' declarations by Jeffrey and Andrew Stein. The key feature in the plaintiffs' patents is a mechanism by which hot air at the top of the warmer may return to the bottom of the warmer and be recirculated throughout the unit. The conduit in the '120 and '178 patents serves as an air duct through which drawn air may move to the lower portion of the unit.[1]

The Deluxe Warmer appears to include a chimney for hot air recirculation in the bulk popcorn compartment. However, it lacks a mechanism to recirculate hot air from top to bottom in the pre-packaged popcorn compartment (i.e., a claimed feature of the '178 patent) (Second Declaration of Andrew Stein in Support of Preliminary Injunction ¶ 3). It also lacks a feature to recirculate hot air from the prepackaged compartment to the bulk compartment (i.e., a claimed feature of the '120 patent) (Second Decl. of A. Stein ¶ 3). When questioned about this at oral argument, defendant's counsel stated that he had discussed this issue with his client that very morning and had been informed that the warmer did contain a mechanism to recirculate hot air from the top to the bottom, however counsel acknowledged that no such affidavit or other information had been submitted to the court. The court concludes that the Deluxe Warmer is sufficiently different from the subjects of the patents at issue. Accordingly, the defendant has failed to establish, for purposes of this preliminary injunction, that every element of the claim in issue is found in a prior art reference. *Minnesota Mining & Manuf. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559 (Fed.Cir.1992).

Additionally, the defendant maintains that the claims of the '120 and '178 patents were

---

1. It appears that the air is drawn down the conduit by the motion of the blower, which appears to be designed to pull the air in.

58

made obvious by the prior art (i.e., the Deluxe Warmer) (Defendant's Memorandum in Opposition at 12). However, the plaintiffs cite the apparently controlling standard that "the prior art must contain a *teaching* to modify the prior art food warmer to include all of the features of the claimed inventions." (Plaintiffs' Memorandum in Support at 5) (explaining *In re Oetiker,* 977 F.2d 1443, 1447 (Fed.Cir.1992) (emphasis in original). The Deluxe Warmer exhibits fail to establish any such modifications to the original unit. *See* Second Decl. of A. Stein II ¶ 2, ¶ 5. Therefore, the defendant has failed to make an adequate showing that the claims of the two patents were made obvious by the prior art.

The plaintiffs have adequately established that the defendant is "unlikely to prove invalidity by clear and convincing evidence." *See, Moore Business Forms Inc. v. Wallace Computer Services Inc.,* 14 U.S.P.Q.2d 1849, 1852 (N.D.Ind.1989) (explaining the burden of proof for a patent owner on a motion for a preliminary injunction). The design of the Deluxe Warmer varies too much from the claimed design in the patents and did not anticipate the inventions. In addition, the design of the Deluxe Warmer does not sufficiently suggest modifications to make the claims of the '120 and '178 patents obvious.

## B. Plaintiffs' Irreparable Harm

■ In *Ortho Pharmaceutical Corp. v. Smith,* the court found that a loss of a product's market amounts to irreparable harm because the market share is not easily recovered. 15 U.S.P.Q.2d 1856, 1863 (E.D.Pa. 1990). The plaintiffs maintain that a denial of the preliminary injunction will allow the defendant's to continue to sell the plaintiffs' food warmers and obtain a share in the market. In addition the plaintiffs assert that "once a concession fixture company is able to gain a share of the market, it is difficult for other competitors to regain that share." (Plaintiffs' Memorandum in Support at 13). Accordingly, the plaintiffs contend that the defendant's continued infringement will cause the plaintiffs irreparable harm in the form of lost market share. (Plaintiffs' Memorandum in Support at 14).

In *Gateway Eastern Railway Co. v. Terminal Railroad Assoc. of St. Louis,* the court determined that loss of goodwill also constitutes irreparable harm because the loss is impossible to calculate into a monetary figure. 35 F.3d 1134, 1140 (7th Cir.1994). Accordingly, the plaintiffs claim further irreparable injury from the loss of the plaintiffs' goodwill. (Plaintiffs' Memorandum in Support at 14). The plaintiffs maintain that consumers have confused the defendant's warmer with the plaintiffs' product and the plaintiffs maintain that such confusion has and will continue to damage the plaintiffs' reputation and goodwill. (Plaintiffs' Memorandum in Support at 14).

The court finds that the plaintiffs adequately established irreparable harm. The court accepts the plaintiff's contentions of the plaintiffs' lost market share and goodwill. In addition, the court concludes that the defendant failed to sufficiently rebut the plaintiff's arguments of irreparable injury.

At oral argument, the plaintiffs explained that the parties market their food warmers to major companies in the motion picture and sports entertainment industry. The plaintiffs maintained that the accounts with these companies might include installation of the counters and cabinets and the sale of parts. In addition, the parties acknowledged that the defendant is marketing the warmers throughout the United States. The court finds that the plaintiffs will suffer immeasurable damages due to the loss of customers and the loss of prospective clients. In addition, the court finds that a denial of a preliminary injunction in the instant case could enable the defendant to make significant gains in the market and frustrate the plaintiffs' rights as a patent holder. *See Hybritech Inc. v. Abbott Laboratories,* 849 F.2d 1446, 1456–57 (Fed.Cir.1988).

## C. The Balance of Hardship Tips in the Plaintiffs' Favor

■ At oral argument, the plaintiffs maintained that they invested large amounts of money in reliance on the patent system. Additionally, the defendant explained that the defendant has sold only seven warmers since 1994. Therefore, in light of the plaintiffs'

considerable investment to procure their patents and the defendant's small number of sales over two years, the court finds that the plaintiffs will suffer more hardships than the defendant upon issuance of a preliminary injunction.

### D. The Impact of the Injunction on the Public Interest

In *Hybritech*, the court stated that "the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." 849 F.2d at 1458. The court concludes that the public interest will not be adversely impacted by the issuance of a preliminary injunction. The plaintiffs have been in the industry for more than sixty years and are equipped to fulfill the public's needs, notwithstanding the defendant's lack of participation due to the injunction.

### Conclusion

For the foregoing reasons, the court grants the plaintiffs' request for a preliminary injunction.

SO ORDERED.